UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERENA FINE ENGLISH and MICHAEL WELLS ENGLISH;<br><br>*Plaintiffs,*<br><br>-against-<br><br>CITIGROUP, INC; CITIBANK, N.A.; and JOHN DOES 1-25,<br><br>*Defendants* | Civil Action No.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, SERENA FINE ENGLISH ("Serena"); MICHAEL WELLS ENGLISH ("Michael") (collectively "Plaintiffs") by their attorneys, allege and complain of Defendants CITIGROUP, INC.; CITIBANK, N.A. (collectively, "CITI"); and JOHN DOES 1-25 (collectively "Defendants") as follows:

**PRELIMINARY STATEMENT**

1. In or around March 24, 2025, two fraudulent and unauthorized transfers (one for One Thousand [$1,000.00] Dollars and another for Three Thousand Nine Hundred [$3,900.00] Dollars] totaling Four Thousand Nine Hundred ($4,900.00) Dollars were completed from a CITIBANK Money Market account (the "Money Market account") belonging to Plaintiffs, and a CITIBANK Checking Plus account (the "Checking Plus account") belonging to Plaintiffs to a CITI Priority Account (the "Priority Account") ending in 8180.

2. That same day, March 24, 2025, the same unauthorized $4,900.00 fraudulently transferred from the Money Market account and the Checking Plus account was fraudulently withdrawn from the Priority Account, via Zelle, by a perpetrator (or perpetrators) (the

14

"Fraudster") to someone allegedly named "Keith Baldwin".

3. Despite the fact that SERENA and MICHAEL have been clients of CITI for over twenty-five (25) years, and expeditiously notified CITI about the fraudulent transfers, and withdrawal, CITI not only blamed Plaintiffs for the amount of the $1,000.00 transfer, the $3,900.00 transfer, and the $4,900 withdrawal but when Plaintiffs dared complain about the fraudulent transfers and withdrawal, challenge the fraudulent transfers and withdrawal and/or invoked their statutory (much less moral) right for an investigation, CITI balked, failed to complete a bona fide investigation, failed to credit Plaintiffs during the investigation, and failed to reimburse them for the unauthorized transfers and withdrawal.

4. SERENA is a victim of identity theft.

5. MICHAEL is also a victim of the same identity theft.

6. The Fraudster, who is unknown to Plaintiffs, unlawfully transferred funds from Plaintiffs' CITIBANK bank accounts.

7. The Fraudster, who is unknown to Plaintiffs, unlawfully withdrew funds from Plaintiffs' CITIBANK accounts.

8. Plaintiffs promptly and repeatedly disputed the charges with Defendant, CITI.

9. Despite their obligation under the Electronic Fund Transfers Act, 15 U.S.C. § 1693 et seq. ("EFTA") to promptly credit Plaintiff's CITI bank account, Defendants have refused to credit Plaintiffs for the stolen funds much less recover the stolen and/or misappropriated money.

10. Accordingly, Plaintiffs bring claims against Defendants for violations of EFTA.

14

## JURISDICTION AND VENUE

11. The Court has jurisdiction pursuant to 15 U.S.C. § 1693m and 28 U.S.C. § 1331.

12. Jurisdiction over Plaintiffs' claim for declaratory relief is conferred by 28 U.S.C. § 2201.

13. Venue is proper in this District because Plaintiffs reside and/or regularly conduct business in this District, a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendants regularly conduct business here.

## PARTIES

14. Plaintiff, SERENA, is a natural person and citizen of New York residing in New York County.

15. Plaintiff, MICHAEL, is a natural person and citizen of New York residing in New York County.

16. Plaintiff, SERENA, is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6).

17. Plaintiff, MICHAEL, is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6).

18. At all times relevant, Plaintiffs' bank accounts with CITI were used for personal, family, or household purposes.

19. Defendant, CITIGROUP, is a foreign corporation with its principal executive office address at 388 Greenwich Street, New York, New York 10013.

20. Defendant, CITIBANK, is a subsidiary of CITIGROUP with its principal executive office address at 388 Greenwich Street, New York, New York 10013.

21. Defendant, CITIGROUP, is a national banking association formed under the laws

of the United States and was, at all times relevant to this Complaint, a financial institution as defined by the EFTA, 15 U.S.C. § 1693a(9).

22. Defendant, CITIBANK, is a national banking association formed under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by the EFTA, 15 U.S.C. § 1693a(9).

23. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## FACTS

24. SERENA (age 77) and MICHAEL (age 82) have been clients of CITI for over 25 years.

25. As of March 24, 2025, Plaintiffs were owners of the Money Market account with CITI.

26. As of March 24, 2025, Plaintiffs were owners of the Checking Plus account with CITI.

27. As of March 24, 2025, Plaintiffs were owners of the Priority Account with CITI.

28. SERENA and MICHAEL exclusively used the Money Market account. In other words, no third parties used the Money Market account.

14

29. SERENA and MICHAEL exclusively used the Checking Plus account. In other words, no third parties used the Checking Plus account.

30. SERENA and MICHAEL exclusively used the Priority Account. In other words, no third parties used the Priority Account.

31. On March 24, 2025, Plaintiffs received a telephone call from someone allegedly from the CITI "Fraud Department".

32. On March 24, 2025, and upon reviewing their CITI account after the CITI "Fraud Department" telephone call, Plaintiffs realized that, by using subterfuge and deception, the Fraudster was able to ascertain confidential information allowing them to infiltrate Plaintiffs' CITI accounts wherein the Fraudster initiated two (one for **$1,000**, and the other for **$3,900.00**) unauthorized and fraudulent transfers totaling $4,900.

33. On March 24, 2025, and upon reviewing their CITI account after the CITI "Fraud Department" telephone call, Plaintiffs realized that, by using subterfuge and deception, the Fraudster was able to ascertain confidential information allowing them to infiltrate Plaintiffs' CITI accounts wherein the Fraudster initiated one unauthorized and fraudulent withdrawal via Zelle, to an individual allegedly named "Keith Baldwin" totaling **$4,900**.

34. Both fraudulent and unauthorized transfers, and withdrawal, are clearly set forth in Plaintiffs' Priority Account:



35. Plaintiffs have no knowledge of a "Keith Baldwin".

36. On March 24, 2025, Plaintiffs did not authorize any of their monies with CITI to be transferred to/by a "Keith Baldwin".

14

37. On March 24, 2025, Plaintiffs did not authorize any of their monies with CITI to be withdrawn for/by a "Keith Baldwin".

38. On March 25, 2025, and within 24 hours of the unauthorized and fraudulent transfers and withdrawal, Plaintiffs contacted CITI complaining of the unauthorized and fraudulent transfers.

39. On March 25, 2025, and within 24 hours of the unauthorized and fraudulent transfers and withdrawal, Plaintiffs contacted CITI complaining of the unauthorized and fraudulent withdrawal.

On March 30, 2025 (a Sunday), merely five days (two of which were a Saturday and Sunday) after Plaintiffs' complaint to CITI concerning the unauthorized and fraudulent transfers and withdrawal, CITI sent Plaintiff a terse letter[1] that stated the following, in relevant part:

> Dear SERENA FINE ENGLISH,
>
> Thank you for contacting us on 03/25/2025 about an electronic transaction made on your Checking account totaling $4,900.00.
>
> We've completed our investigation:
>
> Based on the information you provided and the results of our research, we've concluded that this transaction was made from your account using Zelle®. Please note that your Citibank® online credentials were required to make this transaction.
>
> | Transaction Date | Amount |
> | --- | --- |
> | 03/24/2025 | $4,900.00 |
>
> You have the right to request copies of the information used in our investigation.
>
> If you have any questions, you can call us at the number on the back of your card or on your

40. In other words, instead of simply providing the basis for its incorrect decision, CITI made an outrageous situation even more troubling by burdening Plaintiffs with yet again contacting CITI to "…request the information we used in our investigation." **Ex. A**.

---

[1] A true and correct copy is annexed as **Ex. A**

14

41. What's more, the March 30, 2025 letter (**Ex. A**) indicated that CITI ostensibly, and incredibly, somehow commenced their investigation, completed their investigation, and sent out the Sunday, March 30, 2025 letter to Plaintiffs all within five days, which included an entire weekend.

42. Nevertheless, and despite the fact that CITI neglected to include the basis for their investigation in their initial March 30, 2025 letter response to Plaintiff, on April 8, 2025[2], Plaintiffs, again, complained to CITI concerning the results of CITI's investigation set forth in the March 30, 2025 letter.

43. That same day, April 8, 2025, CITI sent Plaintiffs a letter[3] which stated the following, in relevant part:

> Thank you for contacting us on 04/08/2025 regarding your Checking account referenced above.
>
> Please be assured that we're in the process of reviewing your inquiry and will contact you in writing with the results of our investigation.

44. On April 10, 2025, Plaintiffs made a police report with the Police Department of the City of New York ("NYPD") concerning the fraudulent and unauthorized transfers and withdrawal.

45. On April 16, 2025, CITI sent Plaintiffs another letter[4] which stated the following, in relevant part:

---

[2] By that time, on April 5, 2025, Plaintiffs had also made a corresponding complaint to the Federal Trade Commission ("FTC").

[3] A true and correct copy is annexed as **Ex. B**.

[4] A true and correct copy is annexed as **Ex. C**.

14

> Dear SERENA FINE ENGLISH,
>
> You contacted us on 04/08/2025 about your claim from 03/25/2025 regarding the following Zelle® payment(s):
>
> | Payment Date | Payment Amount | Recipient Name |
> |---|---|---|
> | 03/24/2025 | $4,900.00 | KEITH BALDWIN |
>
> As you requested, we've completed an additional review of all relevant internal records, the information you provided, and the original claim decision. Based on our research, we've concluded that the original decision was accurate. As a result, we're unable to honor your claim.
>
> You have the right to request copies of the information used in our investigation.

46.     Yet again, the April 16, 2025 CITI letter failed to provide Plaintiffs with the basis of their investigation. **Ex. C**

47.     On July 8, 2025, Plaintiffs, again, complained to CITI concerning the results of CITI's investigation set forth in the March 30, 2025 (**Ex. A**) and April 16, 2025 (**Ex. C**) letters.

48.     On July 17, 2025, CITI sent Plaintiffs a letter[5] which stated, in relevant part:

> Thank you for your inquiry on 07/08/2025 regarding your Checking account number referenced above. We have completed our research and the results are as follows:
>
> As requested, please find the enclosed transaction details and/or photocopies of the information we used to research the disputed electronic transaction(s) you submitted on 03/25/2025 and 04/08/2025 reference number R-109012250325 and R-110655250408.
>
> | Transaction Date | Amount |
> |---|---|
> | 03/24/25 | $4,900.00 |

49.     The "transaction details and/or photocopies" included a "Zelle Investigation Commentary" which stated, in relevant part:

---

[5] A true and correct copy is annexed as **Ex. D**

14

```
Date & time of the call: N/A
Client was Authenticated (Y/N): N/A
Client attestation of the transaction (Fraud Early Warning call/text/email confirmation): N/A
Payment Date: 03/24/2025
Amount: $4,900.00
Payment Details: CTIHoBwOAHVY
Device information: Galaxy phone, Moto phone and PC (multiple devices)
IP address: ▇▇▇▇.124
1st Seen date : 08/28/2020 , 09/28/2020
Biometric Score: N/A
Comments:
Funds sent with client's established device.
```

50.　Although the "Zelle Investigation Commentary" attributes a "Galaxy Phone", "Moto phone" and "PC (multiple devices)", Plaintiffs have never owned a "Moto phone" and/or a Motorola phone.

51.　Although the "Zelle Investigation Commentary" attributes an I.P. address ending in 124, upon information belief, as of March 24, 2025, Plaintiffs neither owned, possessed, nor used any device with that I.P. address.

52.　Despite Plaintiffs taking all necessary steps to comprehensively and promptly alert CITI of the fraudulent conduct, and dispute the unauthorized transfers and withdrawal, CITI has failed Plaintiffs.

**FIRST CLAIM FOR RELIEF**
**(Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq*.)**

53.　Plaintiffs repeat and re-allege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

54.　Per the EFTA, Regulation E (12 C.F.R. 1005), and Regulation E's Official Interpretations, CITI bears the responsibility for the two ($1,000.00 and $3,900.00) unauthorized

14

transfers.

55.     Per the EFTA, Regulation E, and Regulation E's Official Interpretations, CITI bears the responsibility for the one ($4,900.00) unauthorized withdrawal.

56.     The EFTA caps consumer liability for unauthorized electronic fund transfer and the transactions at issue exceed that amount. 15 U.S.C. § 1693g(a).

57.     Once Plaintiffs notified CITI of the unauthorized transfers and withdrawal, CITI was required to conduct a bona fide reasonable investigation to determine if fraud occurred as required by the EFTA.

58.     However, CITI failed to conduct a reasonable investigation.

59.     A reasonable investigation would have included review of one or more of the following items, which would have led CITI to conclude that fraud had occurred and would have revealed, *inter alia*, the following:

    a.  Plaintiffs did not authorize the disputed transactions;

    b.  Plaintiffs promptly reported the fraudulent transactions within 24 hours;

    c.  Plaintiffs have no history of making false or unverifiable fraud reports;

    d.  Plaintiffs have no criminal history;

    e.  Plaintiffs have no history of irresponsible use of their account;

    f.  Plaintiffs have no history of frauds with CITI or any other financial institution; and,

    g.  No other proof exists to refute Plaintiffs' claim.

60.     Furthermore, the EFTA places the burden of proof on CITI to demonstrate that challenged transfers were authorized or, if they were unauthorized, that the Plaintiffs can be held

liable for them. 15 U.S.C. § 1693g(b).

61. This burden of proof cannot be, and was not plausibly, met with regard to the contested transactions.

62. CITI failed to properly recredit Plaintiffs for the unauthorized transfers.

63. CITI failed to properly recredit Plaintiffs for the unauthorized withdrawal.

64. CITI's acts and omissions set forth above constitute violations of the EFTA.

65. As a direct and proximate result of CITI's violations of the EFTA, Plaintiffs are entitled to an award of statutory and actual damages as well as attorney's fees and costs.

66. In light of the foregoing – in addition to all other relief sought herein – Plaintiffs are also entitled to recover treble damages under Section 1693f(e).

**WHEREFORE,** Plaintiffs seek judgment in his favor and damages against Defendants:

A. Awarding Plaintiffs against Defendants actual damages, treble damages, statutory damages, punitive damages, declaratory relief, injunctive relief, costs, and reasonable attorneys' fees; and

B. such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: October 28, 2025

*/s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
bwolf@legaljones.com
Joseph K. Jones, Esq.
jkj@legaljones.com
Jones, Wolf & Kapasi, LLC

14

630 Third Avenue, 18th Floor
New York, New York 10017
(646) 459 7971
*Attorneys for Plaintiffs.*

14